IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTIAN GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| SAVWORTH, L.L.C. and | ) | |
| NELSON H. SPENCER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, CHRISTIAN GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, SAVWORTH, L.L.C. and NELSON H. SPENCER, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff, CHRISTIAN GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Fort Worth, Texas (Tarrant County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")

7.      Defendant SAVWORTH, L.L.C. (hereinafter "SAVWORTH, L.L.C.") is a Texas limited liability corporation that transacts business in the State of Texas and within this judicial district.

8.      Defendant, SAVWORTH, L.L.C., may be properly served with process via its registered agent for service, to wit: William L. Dismuke, Registered Agent, 2000 E. Lamar Blvd., Suite 500, Arlington, TX 76006.

9.      Defendant, NELSON H. SPENCER (hereinafter "NELSON H. SPENCER"), is an individual who transacts business in the State of Texas and within this judicial district.

10.     Defendant, NELSON H. SPENCER, may be properly served with process via for service, to wit: 564 Milton Street, Suite 329, Dallas, TX 75206.

## FACTUAL ALLEGATIONS

11.     On or about March 28, 2019 Plaintiff was a customer at Supermercado Cost + Plus, a business located at 2708 W. Seminary Drive, Fort Worth, TX 76133 referenced herein as the "Supermercado Cost + Plus."

12.     SAVWORTH, L.L.C. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

13.     NELSON H. SPENCER is the owner or co-owner of the real property and improvements that Supermercado Cost + Plus is situated upon and that is the subject of this action, referenced herein as the "Property."

14.     This Property is comprised of three parcels of land (Tarrant County Property Appraiser Account # 04699343, #05311330, and #02684691), all parcels share the same parking lot and the building upon which the Supermercado Cost + Plus is situated on the Property. Moreover, there is no obvious or notorious demarcation of separate parcels at the Property, as such, all three parcels which comprise the Property are considered one "site" for purposes of the 2010 ADAAG standards.

15.     Plaintiff lives 3 miles from Supermercado Cost + Plus and the Property.

16.     Plaintiff has visited Supermercado Cost + Plus and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Supermercado Cost + Plus and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Supermercado Cost + Plus and the Property are accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Supermercado Cost + Plus and the Property are made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

17.     Plaintiff intends on revisiting Supermercado Cost + Plus and the Property to purchase goods and/or services as a regular customer living in the vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

18.     Plaintiff's access to the business(es) located at 2708 W. Seminary Drive, Fort Worth, TX  76133, Tarrant County Property Appraiser's parcel numbers 04699343, 05311330 and 02684691 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and she will be denied and/or limited in the future unless and until Defendants, SAVWORTH, L.L.C. and NELSON H. SPENCER, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Supermercado Cost + Plus and the Property, including those set forth in this Complaint.

19.     Plaintiff travelled to Supermercado Cost + Plus and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Supermercado Cost + Plus and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Supermercado Cost + Plus and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental

disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.    Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.     Supermercado Cost + Plus is a public accommodation and service establishment.

26.     The Property is a public accommodation and service establishment.

27.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

29.     Supermercado Cost + Plus must be, but is not, in compliance with the ADA and ADAAG.

30.     The Property must be, but is not, in compliance with the ADA and ADAAG.

31.     Plaintiff has attempted to, and has to the extent possible, accessed Supermercado Cost + Plus and the Property in his capacity as a customer of Supermercado Cost + Plus and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Supermercado Cost + Plus and the Property that preclude and/or limit his access to Supermercado Cost + Plus and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers,

conditions and ADA violations more specifically set forth in this Complaint.

32.     Plaintiff intends to visit Supermercado Cost + Plus and the Property again within six months or sooner as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Supermercado Cost + Plus and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Supermercado Cost + Plus and the Property that preclude and/or limit his access to Supermercado Cost + Plus and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.     Defendants, SAVWORTH, L.L.C. and NELSON H. SPENCER, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Supermercado Cost + Plus and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.     Defendants, SAVWORTH, L.L.C. and NELSON H. SPENCER, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, SAVWORTH, L.L.C. and NELSON H. SPENCER, are compelled to remove all physical barriers that exist at Supermercado Cost + Plus and the Property, including those specifically set forth herein, and make Supermercado Cost + Plus and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's

access to Supermercado Cost + Plus and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Supermercado Cost + Plus and the Property include, but are not limited to:

**(a)   ACCESSIBLE ELEMENTS:**

(i)   To the east of the main entrance to Supermercado Cost + Plus, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property. In addition, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(ii)   To the east of the main entrance to Supermercado Cost + Plus, the access aisle adjacent to the accessible parking space has a downward slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)   To the east of the main entrance to Supermercado Cost + Plus, due to a policy of locating the shopping cart corral directly in front of the accessible ramp, the landing at the top of the accessible ramp does not have a 36 (thirty-six) inch clear space in violation of Section 406.4 of the 2010 ADAAG standards. This violation made it difficult and dangerous for Plaintiff to access the Property.

(iv)    To the east of the main entrance to Supermercado Cost + Plus, due to a policy of locating the shopping cart corral directly in front of the accessible ramp, the accessible parking space lacks an accessible route to the accessible entrance of the Property in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(v)     West of the main entrance to Supermercado Cost + Plus, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property. In addition, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(vi)    West of the main entrance to Supermercado Cost + Plus, the access aisle adjacent to the accessible parking space has a downward slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii)   Due to a policy of storing shopping carts in the accessible route, the Property lacks an accessible route from accessible parking spaces to the accessible entrance of the Family Dollar and other public accommodations located west of Supermercado Cost + Plus in violation of Section 206.2.1 of the 2010 ADAAG

standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii)   The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ix)   Accessible parking spaces are not properly located on the shortest distance to the accessible route and/or distributed on the Property in violation of Section 208.3 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(x)   The interior of Supermercado Cost + Plus has walking surfaces lacking a 36 (thirty-six) inch clear width, due to a policy of placing products for sale for maximizing product placement in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(xi)   Inside Supermercado Cost + Plus, the vertical reach to all of the produce bag dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(xii)   Inside Supermercado Cost + Plus, the Western Union sales and services counters lack any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six)

inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xiii)   Inside Supermercado Cost + Plus, the Western Union sales and services counters have credit card/debit card input devices that have actionable mechanism at minimum height which exceeds the 48 inch maximum reach range height required by Section 308.1 of the 2010 ADAAG Standards.

(xiv)   Inside Supermercado Cost + Plus, there are sales and services counters in the meat section lack any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xv)   Inside Supermercado Cost + Plus, the vertical reach to the meat counter service bell exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(xvi)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**SUPERMERCADO COST + PLUS STORE RESTROOMS**

(i)   The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)     The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)    The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)     The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(v)      The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi)     The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii)    The door of the restroom stall lacks a clear minimum maneuvering clearance, due to the proximity of the door hardware to the adjacent urinal wall, in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii)   The accessible toilet stall door is too narrow and/or otherwise violates Section 604.8.1.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ix)   The accessible toilet stall lacks the required size and turning clearance as required in Section 604.8.1.1 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff and/or any disabled individual to utilize the restroom.

(x)   The grab bars/handrails adjacent to the commode are missing and violate Section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xi)   The restroom lacks a toilet room that complies with section 603 of the 2010 ADAAG Standards, as such, this is a violation of section 213.2 of the 2010 ADAAG Standards.

36.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Supermercado Cost + Plus and the Property.

37.   Plaintiff requires an inspection of Supermercado Cost + Plus and the Property in order to determine all of the discriminatory conditions present at Supermercado Cost + Plus and the Property in violation of the ADA.

38.   The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.    All of the violations alleged herein are readily achievable to modify to bring Supermercado Cost + Plus and the Property into compliance with the ADA.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Supermercado Cost + Plus and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Supermercado Cost + Plus and the Property is readily achievable because Defendants, SAVWORTH, L.L.C. and NELSON H. SPENCER, have the financial resources to make the necessary modifications.

42.     Upon information and good faith belief, Supermercado Cost + Plus and the Property have been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, SAVWORTH, L.L.C. and NELSON H. SPENCER, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Supermercado Cost + Plus and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants SAVWORTH, L.L.C. and NELSON H. SPENCER, pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, SAVWORTH, L.L.C. and NELSON H. SPENCER, to modify Supermercado Cost + Plus and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, SAVWORTH, L.L.C., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, NELSON H. SPENCER in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, SAVWORTH, L.L.C. and NELSON H. SPENCER, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, SAVWORTH, L.L.C. and NELSON H. SPENCER, to (i) remove the physical barriers to access and (ii) alter the subject Supermercado Cost + Plus and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)      That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: March 30, 2019.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
CHRISTIAN GARCIA